[Crim. No. 1177.   Fourth Dist.   May 28, 1958.]

THE PEOPLE, Respondent, v. TONY ARRELLANO,
Appellant.

C. A. Broderick, under appointment by the District Court of Appeal, and Broderick & Delatore for Appellant.

Edmund G. Brown, Attorney General, and Joe J. Yasaki, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant-appellant was charged in an amended information in count one, with violating section 476a of the Penal Code, drawing a check on the "California Bank, Pacific and Leonis, Los Angeles," knowing he did not have sufficient funds or credit therein; and in count two, in the alternative, with violating section 476 of the Penal Code, passing a check drawn upon the "California National Bank, Vernon and Pacific, Los Angeles" when in fact there was no such bank in existence. A prior conviction of a felony

(bogus checks) was charged and admitted. After a plea of not guilty a trial by jury resulted in a conviction on count one and not guilty on count two. Defendant was sentenced to state's prison. On this appeal from the conviction on count one and from an order denying a motion for new trial he claims that in fact there was no such bank as that charged in the check in count two and located at the address given; that there was a California Bank located at Pacific and Leonis, but the check was not drawn on that bank; that the evidence therefore would not support a conviction on count one, and that since he was acquitted on count two a judgment of reversal must follow.

The evidence shows that a salesman for the Carmen-Chrysler-Plymouth, Inc., payee, in San Bernardino, took a car to defendant in Colton to demonstrate it. Defendant agreed to buy it the next day and came to the lot to negotiate the sale for $1,655. Papers were drawn up and defendant gave the salesman a check for $100 deposit drawn on the Citizen's National Bank of Colton, with the agreement to hold the car until the following Thursday. On January 27, 1957, a few days later, defendant returned to the lot to pick up his car. He agreed to pay the balance of the down payment ($448.80) by check. After a credit statement was taken, defendant said he did not have a check on him so the salesman obtained an ordinary blank countercheck which he said he would fill out for him. Defendant gave the necessary information and the agent did the writing. Defendant was asked what bank he wanted it drawn on and he said "The California Bank." The agent then wrote the name of that bank and defendant then said "No, that is the California National Bank," so the agent added the word "National" between the words "California" and "Bank." Defendant was asked what branch and what city and he answered "Vernon and Pacific" Los Angeles, and the salesman wrote that down. He then inserted the date, January 26, 1957, one day predated, because it was Sunday. The name "Carmen-Chrysler-Plymouth, Inc." was stamped in as payee and defendant signed the check. He then gave it to the salesman, signed an agreement and left with the car. The salesman testified there was no conversation about holding the check or any indication that it was not then good or properly drawn on an existing bank at that address. Defendant told him the funds were there to meet it. The next day the automobile agency tried to call the bank indicated and found there

was no such bank located at the place designated but there was a branch of the "California Bank" located at Pacific and Leonis, in Los Angeles, about two blocks distant from the address given. Defendant and his wife had previously had a checking and savings account in that branch bank but it had been closed as of September 7, 1954. There was no account of defendant in this or the Citizens National Bank of Colton at the time the checks were issued and he had no credit at either bank.

It appears that defendant was arrested for violating section 502 of the Vehicle Code shortly after taking delivery of the car, and he was sent to jail for 90 days. Defendant testified at the trial that he resided in Colton on January 27, 1957; that he sent for this salesman to demonstrate the car to him; that the next day he agreed to take it if the salesman would accept his check for $100 and hold it and the car until Friday; that he called the next day and wanted the car at that time; that after some discussion as to payment, the salesman filled out the countercheck at his request; that he had no funds in the Colton bank; that as to the other check he gave instructions to the salesman to fill it out; that he formerly had an account with the "California Bank"; that he told him to write "California Bank" and he may have told him to change it to "National" because he did not remember exactly whether it was called California Bank or California National Bank; that he had the California Bank "Vernon Branch," located at Pacific and Leonis in Los Angeles, in mind at the time and it was his error, but he told the salesman to hold the check until the following Wednesday because there were no funds to cover it at that time; that he intended to come back and pay for the car or make arrangements to run that check through the California Bank, as drawn, which was the bank where he was known and had done business, and that he forgot to ask for the return of the $100 check.

In the argument before the jury the prosecutor and the trial court thoroughly admonished the jury that defendant could not be convicted on both counts; that it must determine from the evidence whether the named bank was a fictitious bank or whether the check was drawn on the bank charged in the first count, with intent to defraud, and that defendant had no account therein at the time or credit with it. Apparently the jury believed that there was a mere error in naming the bank, and that the bank charged in count one

was the branch bank intended. The jury might well have believed that the California Bank, at its Mount Vernon Branch at Pacific and Leonis, would have paid the check upon presentation if defendant had had an account there at the time. Finding defendant not guilty on the second count fully justified the conclusion that it did not believe the bank named was, in fact, fictitious. The evidence supports the conviction and a new trial was properly denied. (*People* v. *Kerr,* 37 Cal.2d 11, 16 [229 P.2d 777]; *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

Judgment and order denying a new trial affirmed.

Barnard, P. J., and Mussell, J., concurred.